FILED

05/30/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2017

## ALEJANDRO AVILA SALAZAR v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
No. 15677    Russell Parkes, Judge

### No. M2016-01336-CCA-R3-HC

The Petitioner, Alejandro Avila Salazar, appeals the dismissal of his petition for writ of
habeas corpus by the Wayne County Circuit Court. The Petitioner previously entered
guilty pleas to second degree murder and attempted aggravated rape, for which he
received an effective sentence of forty years' confinement. On appeal, he argues that he
is entitled to withdraw his guilty plea because his sentence for attempted aggravated rape
is illegal and was a material, bargained-for element of his plea agreement. Upon review,
we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE
OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Hershell Koger (at hearing and on appeal), Assistant Public Defender, Pulaski,
Tennessee, and Brandon E. White (on appeal), for the Petitioner, Alejandro Avila
Salazar.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior
Counsel; and Brent A. Cooper, District Attorney General, for the Appellee, State of
Tennessee.

## OPINION

On January 25, 2005, the Petitioner was indicted by a Davidson County Grand
Jury on one count of first degree felony murder and one count of attempted aggravated
rape. On September 6, 2006, the Petitioner pled guilty to second degree murder and
attempted aggravated rape. Pursuant to the plea agreement, the Petitioner received
concurrent sentences of forty years for second degree murder, to be served at one

hundred percent, and twelve years for attempted aggravated rape, to be served at thirty percent, for an effective sentence of forty years.

On June 5, 2015, the Petitioner filed a pro se petition for writ of habeas corpus in the Wayne County Circuit Court, arguing, inter alia, that his conviction for attempted aggravated rape was void because the judgment form did not include the mandatory provision of community supervision for life. Consequently, the Petitioner argued that he should be permitted to withdraw his plea agreement because the absence of community supervision was a material element of the agreement. On August 20, 2015, the State filed a response, acknowledging that the Petitioner's attempted aggravated rape sentence "appears to be illegal and therefore void."

On May 12, 2016, the habeas corpus court held an evidentiary hearing. After hearing argument from counsel, the court found that "the record has established that the illegal sentence was not a bargained for element of the plea agreement." The habeas corpus court entered a written order on June 8, 2016, dismissing the petition. In its order, the court found that, although the omission of the mandatory community supervision for life rendered the attempted aggravated rape sentence void, "nothing in the record has established that the illegal sentence was a material bargained-for element of the plea agreement, which included a 40-year sentence on a reduced charge of second degree murder." The court ordered the Petitioner's convictions "remain intact, and he is not entitled to withdraw his plea of guilty in this matter." The court also ordered the Petitioner's case transferred to the Davidson County Criminal Court for entry of a corrected judgment in count two and the addition of community supervision for life following the expiration of his sentences. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that the omission of community supervision for life was a material, bargained-for element of his plea agreement. Specifically, the Petitioner contends that he bargained for the ability to live the remainder of his life upon release without any additional punitive restrictions. The State responds that the absence of community supervision for life was not a material element of the Petitioner's plea agreement, and that the Petitioner's argument is not supported by the record.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) ("Summers I") (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition challenges void and not merely voidable judgments. Summers I, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers I, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

Here, the Petitioner entered a guilty plea to one count of attempted aggravated rape and, pursuant to Tennessee Code Annotated section 39-13-524(a) (2006), was required to submit to community supervision for life as part of his sentence. However, the judgment form for attempted aggravated rape did not impose the mandated community supervision for life. This court has repeatedly held that "failure to include the community supervision for life provisions" results in an illegal sentence. State v. Bronson, 172 S.W.3d 600, 601-602 (Tenn. Crim. App. 2005). As such, the State is in agreement that the sentence is illegal and that the judgment is, therefore, facially void. Because the Petitioner's attempted aggravated rape sentence is illegal, the inquiry then becomes one of fashioning the appropriate remedy.

As a general rule, when a plea agreement includes an illegal sentence, a petitioner is entitled to withdraw the guilty plea. Summers I, 212 S.W.3d at 258 (citing McLaney v. Bell, 59 S.W.3d 90, 94-95 (Tenn. 2001), overruled on other grounds by Summers I, 212

S.W.3d 251). This rule, however, is not without exceptions. Summers I, 212 S.W.3d at 258. The Tennessee Supreme Court explained that the "determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." Id. at 259. However, "[i]f the record establishes that the illegal sentence was not a bargained-for element of the plea agreement . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence." Summers v. Fortner, 267 S.W.3d 1, 6-7 (Tenn. Crim. App. 2008) ("Summers II"). In Summers II, this court stated as guidance that "materiality exists when 'there is a reasonable probability' of a change in the outcome of the proceedings." Id. at 8 (citing Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667, 682 (1985)). The court cautioned, however, that proof of materiality is "strictly limited to the face of the judgment and the record of the underlying proceedings." Summers II, 267 S.W.3d at 7.

In the present case, neither the transcript of the guilty plea hearing, the judgment form, nor the Petitioner's guilty plea agreement reference the community supervision for life requirement. Indeed, the entire record is completely silent as to community supervision. Relying on this court's opinions in Joe Ross v. State and Michael Shane Benson v. State, the Petitioner contends that, notwithstanding this silence, "it is more likely than not that [the Petitioner] bargained for a sentence that did not include community supervision for life." See Joe Ross v. State, No. W2013-02555-CCA-R3-HC, 2014 WL 3954060 (Tenn. Crim. App. Aug. 13, 2014); see also Michael Shane Benson v. State, No. E2011-00786-CCA-R3-HC, 2011 WL 6813185 (Tenn. Crim. App. Dec. 22, 2011). Quoting Joe Ross, the Petitioner argues that "silence in the record should not be interpreted, as the State seems to suggest, as proof that the omission of the community supervision condition from the judgment was not a material bargained-for element." Joe Ross, 2014 WL 3954060, at *6. However, as we also noted in Joe Ross, "[t]he determination of materiality is fact specific and will vary from case to case." Id.

Similar to the instant case, in Joe Ross, the judgment form also did not include community supervision for life with respect to an aggravated rape conviction. Id. at *1. Accordingly, this court held that the judgment was facially void. Id. However, unlike the Petitioner, Ross was summarily denied an evidentiary hearing by the habeas corpus court, and, therefore, this court reversed the summary denial and remanded Ross's case to the habeas corpus court for the requisite hearing to determine "whether the illegal sentence was a material bargained-for element of a plea agreement with the State." Id. at *7. Here, the Petitioner received an evidentiary hearing, and the habeas corpus court determined after the hearing that the Petitioner "ha[d] not carried his burden of showing that the absence of the community supervision component was a material component of the plea bargain." The habeas corpus court concluded, and we agree, that the material element of the Petitioner's guilty plea was the total effective sentence of forty years.

- 4 -

We acknowledge that the Petitioner's burden of proof in this regard is a substantial obstacle, particularly considering that the record is "strictly limited to the face of the judgment and the record of the underlying proceedings," Summers II, 267 S.W.3d at 7, which, in this case, includes only the guilty plea agreement and the guilty plea hearing. See also Summers I, 212 S.W.3d at 262 ("The State bears no burden of showing that the record of the proceedings upon which the judgment was rendered reveals that [the petitioner's] factual assertions are false. The burden rests with [the petitioner] to prove that his allegations are true."). We further acknowledge the significant consequences imposed on a defendant by the addition of lifetime supervision after having served his or her entire sentence and that, in other proceedings, the trial court's failure to advise a defendant on the lifetime supervision requirement can rise to the level of constitutional error. See Ward v. State, 315 S.W.3d 461, 474-76 (Tenn. 2010) (holding that, in the context of a knowing and voluntary guilty plea, the trial court's failure to advise a defendant of the community supervision provision is constitutional error and the judgment must be set aside unless the State proves that the error was harmless beyond a reasonable doubt). However, we cannot conclude, in light of the limited record in this appeal and the Petitioner's burden of proof, that the absence of community supervision was a material element of the Petitioner's agreement. Although the Petitioner argues that he "bargained for the ability to live the remainder of his life upon release . . . as a free man," there is no support for this claim in the record, and this court has held that "[t]he petitioner's subjective expectations are irrelevant, and, correspondingly, his testimony that the illegal sentence was a bargained-for element of his plea agreement is irrelevant." Summers II, 267 S.W.3d at 7.

Rather, the guilty plea hearing transcript reflects that the disposition of the Petitioner's first degree felony murder charge, which carried a mandatory sentence of life or life without parole, was more likely the material element of his plea agreement. Indeed, the overwhelming majority of the guilty plea hearing was spent on the Petitioner's plea to the lesser charge of second degree murder, and his plea to attempted aggravated rape was not mentioned until the very end of the hearing when the trial court had to inform the parties that the Petitioner had an additional charge to resolve. Accordingly, the Petitioner has not presented any proof from the record that there is a "reasonable probability" that the proceedings would have been different had the attempted aggravated rape sentence been legal. Thus, although the Petitioner's attempted aggravated rape sentence is void, his only remedy is the correction of the sentence. See Id. at 7. The trial court properly denied the Petitioner's habeas corpus petition and transferred the case to the convicting court for entry of a corrected judgment adding the condition of community supervision for life.

## CONCLUSION

Based on the above authority, we affirm the judgment of the habeas corpus court.

CAMILLE R. McMULLEN, JUDGE